AMERICAN FEATURE FILM COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAURICE TOBEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD A. GOLDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LOUIS ROSENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAVID STONEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALBERT A. GINSBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NATHAN A. GINSBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAVID A. LOURIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27623–27630. Promulgated September 16, 1931.

*Frank J. Albus, Esq.*, for the petitioners.
*B. U. Steele, Esq.*, for the respondent.

OPINION.

MURDOCK: Section 602 of the Revenue Act of 1928 amends Title IX of the Revenue Act of 1924 as amended by adding a provision that, in transferee proceedings before the Board, the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer. In these cases the counsel for the Commissioner has submitted certain proof for the purpose of sustaining this burden. The only question is, Has he succeeded? He argues that the Metro Pictures Corporation of New England, the taxpayer, by the agreement of June 26, 1920, sold all of its assets to Metro of New York in exchange for Loew, Inc., stock and then distributed this stock in complete liquidation to the

petitioners, its stockholders. One fatal defect in this argument is that it is not supported by the facts in evidence.

The respondent suggests no reason why the American Feature Film Company should receive any share in a distribution of the assets of the taxpayer. Although there is a statement in the respondent's brief that Golden received 300 shares of the Loew, Inc., stock on September 20, 1920, that fact does not appear from the evidence. Golden was one of the respondent's witnesses, and he was permitted to make a number of loose answers, some of which are contradicted by more reliable documentary evidence. One such statement was that he, as owner of 45 per cent of the American Feature Film Company stock, received 45 per cent of the Loew, Inc., stock. We might assume that he received some of the latter stock, but we still would not know the value of what he received at the time he received it. Cf. *Angier Corporation*, 17 B. T. A. 1376; *Guy W. Renyx*, 21 B. T. A. 1248; *Ludwig Vogelstein*, 16 B. T. A. 947; *Annie Temoyan et al.*, 16 B. T. A. 923.

The taxpayer and the American Feature Film Company seem to have been closely associated, but there is no evidence of bad faith in any of the transactions material hereto. Cf. *Joseph A. Steinle, Administrator*, 19 B. T. A. 325. We do not know what the latter paid for the former's rights in the leased films, but we can not assume that the transfer was without adequate consideration. The evidence does not disclose whether or not the taxpayer had any other assets or what was done with any that it might have had. But it clearly appears that the Loew, Inc., stock was delivered to the American Feature Film Company as part consideration for the transfer by it of certain of its assets to Metro of New York and all but 100 shares of the stock was distributed by the American Feature Film Company to various persons, including some of the individual petitioners. All of these petitioners were stockholders of American Feature Film Company. There is no justification for inferring from this state of facts that the distribution was of the assets of the taxpayer, to its stockholders, and in complete liquidation. Even if the distribution had been made by the taxpayer, we could not hold that it was thereby left insolvent. It never paid the tax and it did dissolve, but these facts do not prove insolvency immediately after the alleged distribution. Cf. *Samuel Keller et al.*, 21 B. T. A. 84; *Kinnett-Odom Co.*, 19 B. T. A. 1124; *Frances W. Haines*, 20 B. T. A. 721.

*Judgment of no transferee liability will be entered in each proceeding.*